**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAY L. THOMAS,<br><br>　　　　　　Plaintiff,<br>　　　　v.<br><br>MICHAEL J. ASTRUE,<br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　　Defendant. | Civil Action No. 09-3894 (KSH)<br><br>**OPINION** |

**Katharine S. Hayden, U.S.D.J.**

Before the Court is the motion by the Commissioner of Social Security ("the Commissioner") to dismiss plaintiff Jay Thomas's complaint requesting judicial review of the agency's withholding of $732 in Social Security benefits. (Compl., D.E. 1; Def's Br. in Supp. of Mot. to Dismiss ("Mov. Br."), D.E. 10 at 5.)

Thomas's action is nearly identical to two previous suits that he brought in 2008 alleging failure to act on his request for reconsideration of a determination that he performed "substantial" work in 2006 and therefore had been ineligible for some benefits payments that he received. *See* Compl.; *Thomas v. Soc. Sec. Admin.*, ("Thomas I"), No. 2:08−CV−04341−SRC (Aug. 29, 2008), ECF No. 1; *Thomas v. Soc. Sec. Admin.* ("Thomas II"), No. 2:08−CV−06082−SRC (D.N.J. Dec. 2, 2008), ECF No.1.)  Both of these lawsuits were assigned to Judge Chesler of this District, who dismissed each one, finding that, pursuant to 42 U.S.C. § 405(g) of the Social Security Act, the court lacked subject matter jurisdiction because Thomas had filed suit before

1

exhausting the administrative remedies that would culminate in a "final decision" by the Commissioner that is necessary for obtaining judicial review.  (*See* D.E. 10, exs. 6 and 14.)

As before, Thomas has failed to exhaust the available administrative remedies, and again he skirts this deficiency by arguing that the Commissioner was so dilatory in acting on duplicate requests for reconsideration made in 2007 and 2008 that the delay constitutes "final action subject to judicial review." (*See*  Compl. at 1; *Thomas 1*, Compl., ECF. No. 1 at 1–2.; *Thomas II*, Compl., ECF No. 1 at 1 and Amend. Compl., ECF No. 9.)  The distinction here is that the Commissioner now has made a determination on Thomas's reconsideration request; it was dismissed in July 2009.  The Social Security Administration ("the Administration") notified Thomas of this determination in two letters dated July 22, 2009—two weeks *before* Thomas filed the present complaint seeking to "compel" judicial action on his reconsideration request.  (*See* D.E. 10, exs. 4 and 15.)

The Commissioner argues that here, as before, Thomas has failed to exhaust the administrative remedies available to him and therefore that the Court lacks subject matter jurisdiction because there is no final decision for the Court to review.  (See Mov. Br., D.E. 10.)  The Commissioner also contends Thomas fundamentally misunderstands the source of the overpayment in question.

**Background:**

Thomas began receiving disability Social Security benefits in 1995. (Mov. Br. at 1.)  In April 2003, the Administration decided that Thomas was no longer disabled because he had been doing "substantial work" since October 2001, and therefore was ineligible for payments

2

made to him since then.[1] (D.E. 10, ex.2; Mov. Br. at 1.) The Administration determined that Thomas owed the Social Security Administration $9,085, which Thomas began repaying in installments by monthly deductions from his benefits. (D.E. 10, ex. 17; Mov. Br. at 9; *Thomas II*, Compl. at 2.) Nothing in the record indicates that Thomas appealed the Administration's 2003 overpayment determination.

In May 2003, the Administration reinstated Thomas's monthly benefits because he no longer was working. Then, in October 2006, the Administration sent Thomas a second notice suspending his benefits payments, after again determining that Thomas had performed work reaching "the substantial gainful level" from July 2006 to September 2006. (D.E. 10, ex. 5.) This resulted in the Administration determining it had overpaid benefits to Thomas of $1,965. (*See id.*, ex. 15.) Shortly thereafter, the Administration reversed its determination, finding that Thomas had not engaged in substantial work during the July 2006 to September 2006 period (*id.*, ex. 7), cancelled the $1,965 overpayment, and informed Thomas that his benefits had been reinstated effective July 2006. (*Id.*, ex. 8.)

Notwithstanding the reversal, Thomas filed a request in August 2007 for reconsideration of the $1,965 overpayment determination, stating that he "did not exceed SGA during the months I worked in 2006." (Compl. at 2; Mov. Br. at 3.; D.E. 10, ex. 9.) According to the Commissioner, Thomas did not receive a response on this reconsideration request because "the matter had already been resolved and benefits had been reinstated effective July 2006." (Mov. Br. at 3.) Having received no response from the Commissioner, Thomas filed a duplicate

---

[1] As explained in the Commissioner's brief, a person must be unable to do "substantial gainful activity (SGA)" in order to be eligibility for Social Security disability benefits. Income above a specified monthly amount qualifies as "engaging in SGA." (Mov. Br. at 2.)

request for reconsideration in August 2008. Later that same month, and with his reconsideration request still pending, Thomas filed an action in district court seeking judicial review of "an initial decision on an overpayment of $1,965 from wages in 2006." (*Thomas I*, Compl. at 1.) Judge Chesler dismissed the complaint *sua sponte*, holding that Thomas had failed to state a valid claim for relief because, "[e]ven if the facts alleged are accepted as true, this Court has no jurisdiction over the claims asserted by Plaintiff because he has not asked this Court to review a final decision by the Commissioner of Social Security." (*Thomas I*, Order, ECF No. 2 at 2.)

In December 2008, Thomas filed a second action in district court, this time seeking to "compel agency action" under the Administrative Procedures Act, 5 U.S.C. § 701, *et seq*. (APA) and claiming that the Commissioner "has allowed the 60-day deadline for reconsideration to expire on two occasions" and that this delay "results in final agency decision and is subject to judicial review [under 5 U.S.C. § 702]." (*Thomas II*, Compl.) Judge Chesler granted the Administration's motion to dismiss, noting that Thomas "appears to have misunderstood the Social Security regulations" and again finding Thomas had failed to show that the Commissioner issued a final decision as required under 42 U.S.C. § 405(g) for judicial review. (*Thomas II*, Order, ECF. No. 33 at 2–3.)

In August 2008, Thomas filed the current action seeking to compel action by the Commissioner because of delay on his reconsideration request and "disputing [a] social security withholding of $732 . . . from [an overpayment] from July 2006." (D.E. 1.) Thomas's third complaint repeats the same facts (that the withholding of the $732 stems from the 2006 overpayment decision) and similar arguments (that the Court should take jurisdiction over his

4

case because of delay on his reconsideration request) included in his previous complaints.  (*See Thomas I*, Compl.; *Thomas II*, Compl. at 1–2.)  And, as in *Thomas II*, his present complaint asserts that the Commissioner failed to meet a 60-day deadline for responding to his reconsideration request and therefore he is entitled to review under 5 U.S.C. § 702 of the Administrative Procedure Act.

The main difference between Thomas's three complaints is not one of substance but rather one of timing:  By August 9, 2009, when Thomas filed the present action, the Commissioner already had notified him of the dismissal of his reconsideration request.  (*See* D.E. 10, exs. 4 and 15.)   Although convoluted, the record before the Court does make clear that the Commissioner's reversal as to the second (2006) overpayment did not affect the earlier determination regarding Thomas's *first* overpayment, which covered the period from 2001 to 2003 and part of which remains outstanding.  (Mov. Br. at 2; D.E. 10, exs. 4, 15 and 17.)  As the record shows, on July 22, 2009, the Administration sent Thomas a notice and a separate letter informing him that his reconsideration request had been dismissed.[2]   The letter, while noting a "delay in responding," stated that, "[a]fter carefully reviewing your Social Security record, we have determined that you were paid correctly for the period of July 2006 through September 2006."  (D.E. 10, ex. 15.)  The letter further stated that the Administration had "explained, in a Notice of Revised Decision we sent you dated October 23, 2006, that your benefits should

---

[2] Thomas has submitted a brief document from an unnamed Administration office manager dated July 30, 2009 indicating that his reconsideration request still was pending at that time. (D.E. 1, attach 3 at 8.)  The Commissioner references a document indicating that Thomas was informed as late as October 21, 2009 that his reconsideration request was still pending. (Def's Reply Br. in Supp. of Mot. for Summ. J., D.E. 15 at 5.)  The Commissioner later informed Thomas that the notifications that his reconsideration request was still pending were sent by mistake (D.E. 15, exs. 1–2), and Thomas does not dispute this contention. (*See* D.E. 16.)  Although the Administration erred in notifying Thomas that his reconsideration request was still pending, this mistake does not change the fact that Thomas received two letters dated July 22, 2009 explaining in detail why his reconsideration request had been dismissed.

continue because you have not performed substantial and gainful activity since 2003." Finally, the letter stated that:

> [w]hen your benefits were reinstated in February 2007, the overpayment of $1,965 for July 2006, August 2006 and September 2006 was removed from your Social Security disability record. There was, however, still an overpayment balance on your record from a previous overpayment . . . [which] is the remaining balance from the period of September 2001 through March 2003.

This is a critical point—that the source of the withholding of Thomas's benefits stems not from the now-reversed 2006 overpayment but from the first, unchallenged overpayment. This point, unfortunately, Thomas ignores. Instead, approximately two weeks after receiving the July 22nd letter, Thomas filed the present action seeking to compel payment of $732 "of benefits that were withheld because plaintiff did not go over" the SGA limit in 2006. (D.E. 1.)

In a document filed on February 2010, Thomas belatedly concedes that his reconsideration request has been dismissed.[3] (*See* D.E. 16.)

**Discussion:**

The Court has jurisdiction over Social Security benefits cases pursuant to 42 U.S.C. § 405(g) of the Social Security Act, which provides that an individual "after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g). A decision becomes final for the purposes of § 405(g) only after the plaintiff completes all four steps of an administrative review process consisting

---

[3] Thomas filed a letter styled as an "amended complaint" (D.E. 16) on March 11, 2010. Under Fed. R. Civ. P. 15(a)(1)(A) and (a)(2), a party may amend a complaint within 21 days after the serving of a responsive pleading or, if thereafter, then only with "the opposing party's written consent or the court's leave." Here, Thomas filed his amended complaint more than four months after the Commissioner filed its motion to dismiss, and without obtaining either the Court's leave or the Commissioner's consent. Accordingly, the Court finds Thomas's purported amended complaint (D.E. 16) to be inopportunely filed and orders it stricken.

6

of: (1) an initial determination; (2) reconsideration; (3) a hearing before an administrative law judge; and (4) Appeals Council review.  20 C.F.R. § 416.1400.  Therefore, an individual must complete all four steps—including either receiving a decision of the Appeals Council or notice from the Appeals Council that it is denying a request for review—in order for a decision to become final for the purposes of 42 U.S.C. § 405(g) and eligible for judicial review.  20 C.F.R. §§ 404.981, 416.1400(a)(5) and 422.210.  Judicial review ordinarily is "barred absent a 'final decision' by the Commissioner of Social Security," *Fitzgerald v. Apfel*, 148 F.3d 232, 234 (3d Cir. 1998)(internal citation omitted), and a final decision is "central to the requisite grant of subject matter jurisdiction."  *Id.* (quoting *Mathews v. Eldridge*, 424 U.S. 319, 328 (1976)).

A determination of an overpayment of benefits is an initial determination.  20 C.F.R. § 140.1402 and 20 C.F.R. § 404.902(j).  An individual has 60 days after being notified of a determination of overpayment of benefits to request reconsideration.  20 C.F.R. § 404.909(a)(1).  Reconsideration is the "the first step in the administrative review process."  20 C.F.R. § 404.907 and 20 C.F.R. §§ 416.1407 and 416.1409(a)(1).

The Court finds that Thomas's complaint does not allege facts supporting this Court's jurisdiction pursuant to § 405(g).  Nowhere does Thomas allege that he has received a decision from the Appeals Council or notice that the Appeals Council denied him review.  (See Compl.; Pt's Opp'n to Mot. to Dismiss at 8; Mov. Br. at 8.)  Instead, Thomas asserts, as he did in his two prior actions before Judge Chesler, that the Commissioner has delayed acting on his duplicate reconsideration requests, and that this delay entitles him to judicial review.  Thomas also repeats his assertion that the Commissioner had 60 days to act on his reconsideration request, relying again on 42 C.F.R. § 405.970.  (Pt's Opp'n to Mot. to Dismiss, D.E. 13 at 3.)  But this

7

provision is inapposite because it relates to requests of reconsideration of initial determination of benefits under Medicare by an independent contractor, and not to requests for reconsideration of overpayment determinations.  Reconsiderations of overpayments are governed by 20 C.F.R. §§ 404.907 and 404.909(a)(1), which provide that an individual affected by an overpayment determination may file a request for reconsideration within 60 days and which do not—Thomas's repeated contentions to the contrary—require that the Commissioner act on a reconsideration request in 60 days.

The Court understands that Thomas's ultimate goal is to have the federal court review of the Administration's determination that he still owes it an overpayment.  But for the third time, Thomas has filed a lawsuit in district court disputing his benefits without first exhausting the remedies available to him under the "orderly administrative mechanism" created by the Act and relevant regulations.  *Califano v. Sanders*, 430 U.S. 99 (1977).  As the Supreme Court has instructed, exhaustion of administrative remedies serves the purpose of "preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review."  *Weinberger v. Salfi*, 422 U.S. 749, 765 (1975).

A review of the record establishes that the Commissioner could have acted more expeditiously on Thomas's request for reconsideration, and that the Administration's communications with Thomas have not been free of error.  However, these failings do not entitle Thomas is entitled to bypass the procedures prescribed in § 405(g) of the Social Security Act for obtaining judicial review.  The Court finds that any delay on Thomas's reconsideration

8

request did not result in the kind of harm justifying the extraordinary remedy that Thomas requests.  Furthermore, the Court finds that Thomas appears to have compounded the Commissioner's delay—which is the impetus of his complaint—by continually misstating or otherwise misunderstanding the factual record, in particular by failing to grasp, or even acknowledge, the Commissioner's position that the withholding he seeks to dispute relates not to the reversed 2006 overpayment, but rather to the *unchallenged* 2003 overpayment.  Finally, the Court notes that, to the extent that Thomas's complaint is directed at compelling the Commissioner to act on his reconsideration request, the complaint now is moot because the Commissioner already has dismissed the request—and had done so by the time Thomas filed this lawsuit.    Under these circumstances, Thomas is not entitled to relief in this Court and his complaint must be dismissed for lack of subject matter jurisdiction.

Thomas's motion to transfer venue (D.E. 17) based on the Court's alleged bias is also denied.  A decision to transfer venue under 28 U.S.C. § 1404(a), which is the relevant provision here, is a discretionary determination that "presuppose[s] that the court has jurisdiction and that the case has been brought in the correct forum."  *Lafferty v. St. Riel*, 495 F.3d 72, 76 (3d Cir. 2007) (citing *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995)).  Without commenting on Thomas's allegation of bias, the Court easily concludes that because it lacks subject matter jurisdiction over Thomas's action and because there has been no final decision giving rise to jurisdiction, the Court lacks the power to transfer venue.  Any other district court will lack jurisdiction for the same reasons.

**Conclusion:**

Plaintiff's motion to transfer venue (D.E. 17) is **denied**, defendant's motion to dismiss (D.E. 10) is **granted**, and the complaint (D.E. 1) is **dismissed**.  An appropriate order will be entered directing the Clerk of the Court to close this case.

/s/ Katharine S. Hayden

August 1, 2011                                       Katharine S. Hayden, U.S.D.J